UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

HARRY LEE RIDDICK,

    Petitioner,

v.

J.C. HOLLAND, WARDEN,

    Respondent.

Civil Action No. 13-CV-240

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

    Harry Lee Riddick is confined in the United States Penitentiary-McCreary, located Pine Knot, Kentucky. Proceeding without counsel, Riddick has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging his federal convictions for operating a continuing criminal enterprise, conspiracy to possess with intent to distribute cocaine, distribution of cocaine in or near a school, and distribution of cocaine. Riddick has paid the $5.00 filing fee. [*Id.*]

    The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Riddick's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573

(6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Riddick can not pursue his claims under 28 U.S.C. § 2241.

## LITIGATION HISTORY

On February 6, 1996, a federal jury in Pennsylvania found Riddick guilty of one count of engaging in a continuing criminal enterprise (21 U.S.C. § 848(a)), one count of conspiring to distribute more than five kilograms of cocaine (21 U.S.C. § 846), thirteen counts of distributing cocaine in or near a school (21 U.S.C. § 860(a)), and one count of distribution of cocaine (21 U.S.C. § 841(a)(1)). *United States v. Riddick*, No. 2:94-CR-159-JCJ-1 (E.D. Pa. 1994). On May 7, 1997, Riddick received a 396-month prison sentence.[1]

Riddick appealed the judgment, and the government cross-appealed, arguing that the district court erred in calculating Riddick's sentence. The appellate court affirmed Riddick's conviction, but vacated his sentence and remanded for re-sentencing. *United States v. Riddick*, 156 F.3d 505 (3rd Cir. 1998) On March 25, 1999, Riddick received a life sentence. [R. 748, therein] Riddick again appealed, but his appeal was dismissed for lack of jurisdiction. *United States v. Riddick*, 210 F.3d 359 (3rd Cir. Feb. 11, 2000) (Table).

On May 16, 2001, Riddick filed a motion to vacate, set aside or correct sentence, which the district court denied on January 31, 2003. *See* Riddick Criminal case [R. 925, therein]. On October 23, 2003, the appellate court denied Riddick a certificate of

---

[1] Because a substantial amount of activity in Riddick's criminal proceeding predated the advent of the PACER electronic database system, this Court cannot electronically access and review any of the documents in that proceeding which were filed prior to September 11, 2006. The Court can electronically access and review almost the entire docket sheet from that proceeding, starting with the Superseding Indictment filed on August 12, 1994.

appealability. [R. 940, therein] Over the next ten years, Riddick filed a series of successive § 2255 motions, and/or other pleadings construed as successive § 2255 motions, trying to collaterally challenge his convictions on various legal grounds. *See* Riddick Criminal Case, docket entries between February 2003 and April 2013 [R. 927-1029, therein]. The district court construed all of those motions as unauthorized successive § 2255 motions and denied them as such, and on appeal, the appellate court repeatedly denied Riddick a certificate of appealability as to any of the claims he had asserted. [R. 927-1031, therein]

In April 2005, Riddick filed a prior § 2241 petition in a Texas federal court. *Riddick v. Miles*, No. 1;05-CV-295-TH-ESH (E.D. Tex. 2005) Riddick collaterally challenged his convictions based on the holdings of *United States v. Booker*, 543 U.S. 220(2005), *Blakely v. Washington*, 542 U.S.(2004), and *Richardson v. United States*, 526 U.S. 813 (1999). On May 24, 2005, the district court denied Riddick's § 2241 petition. [R. 6 and 7, therein] Riddick appealed, but the denial was affirmed. The appellate court explained that Riddick's *Booker* and *Blakely* claims did not fall under the "savings clause" of 28 U.S.C. § 2255, and that because Riddick's appellate brief indicated that he knew about the *Richardson* decision before he filing his § 2255 motion in May 2001, "... he therefore could have raised his *Richardson* issues in that motion and may not pursue them in a § 2241 petition. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)." [R. 21-2, therein; *see also Riddick v. Miles*, 225 F. App'x 231, 232 (5th Cir. 2007)]

On October 1, 2013, Riddick filed a civil action in the District of Columbia, demanding various agency records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *Riddick v. Holland*, No. 1:13-CV-01512 (D.D.C. 2013) ("the FOIA Action").

3

The district court determined that Riddick was also seeking habeas relief from his convictions and dismissed those habeas claims, but allowed Riddick's FOIA claims to proceed. [R. 4, therein] The FOIA Action is currently pending, the district court having recently established a briefing schedule in that case. [*Id.*, *see* 3/18/14 "Minute Order" setting various deadlines for July 2014.]

### CLAIMS ASSERTED IN THE § 2241 PETITION

In the instant § 2241 petition, Riddick alleges that during the post-judgment phase of his criminal proceeding in the Eastern District of Pennsylvania, he was denied due process of law in violation of the Fifth Amendment of the U.S. Constitution, and was also denied effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution. Riddick's allegations on these issue are as follows: (1) in February 1996, his counsel failed to provide him with (a) various "post-verdict motions" which he had filed on Riddick's behalf, and (b) the government's responses to those motions; (2) the district court never ruled upon various claims contained in those "post-verdict motions," which, according to Riddick, are pending as of this date; and (3) that because district failed to rule upon his post-verdict motions, the Third Circuit Court of Appeals "... never properly acquired jurisdiction" to affirm his convictions. *See* Riddick § 2241 Petition, [R. 1, pp. 5-9; R. 1-1, pp. 1-3, pp. 8-12]

Riddick further asserts that in an effort to remedy the alleged denial of his Fifth and Sixth Amendment rights as outlined above, he filed the FOIA Action. Riddick alleges, however, that the federal court in the District of Columbia has failed to properly address his FOIA requests for documentation, and that it improperly dismissed his habeas claims without addressing their merits. [R. 1-1, p. 3-8] Riddick asks this Court to direct the government to

4

comply with his FOIA requests; to determine that his drug and CCE convictions are not final; and to determine that the Third Circuit Court of Appeals lacked jurisdiction to affirm his drug and CCE convictions. [R. 1, p. 8, § 15] Riddick also seeks an order releasing him from federal custody. [*Id.*]

**DISCUSSION**

Riddick is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Riddick challenges the constitutionality of his underlying federal convictions and resulting sentence on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441,

443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

In his § 2241 petition, Riddick does nothing more than challenge the legality of his convictions based on arguments that he either raised, or could and should have raised, in his § 2255 motion, or in the numerous other motions which he filed in the Eastern District of Pennsylvania between February 2003 and April 2013. The alleged facts on which Riddick bases his current Fifth and Sixth Amendment claims--that the district court failed to rule on his post-judgment motions, and that the Third Circuit Court of Appeals lacked jurisdiction to affirm his criminal convictions--either were, or should have been, known to him in 1997, when he filed the direct appeal of his criminal convictions, or at the latest, when he filed his § 2255 motion in May 2001.

When the Third Circuit Court of Appeals affirmed Riddick's conviction on September 25, 1998, it addressed–and rejected– numerous legal claims which Riddick had raised. On direct appeal, Riddick alleged that the district court had permitted an improper variance between the indictment and the evidence introduced at trial; that the government had produced insufficient evidence to support his convictions; that the Grand Jury had considered improper testimony; that the district court had improperly denied his motion to

6

suppress evidence; and that his conversations had been improperly monitored. *Riddick*, 156 F.3d at 508-510. It does not appear from the Third Circuit's comprehensive, published opinion that Riddick argued that the district court failed to address any of his post-verdict motions; that his convictions were not final; or that the appellate court lacked jurisdiction to entertain his appeal. Again, those claims either were, or should have been, known to Riddick when he appealed his Pennsylvania criminal convictions.

Further, the district court denied Riddick's § 2255 motion in which he either raised, or could have raised his current claims, and during the ten-year period between 2003 and 2013, it also denied Riddick's other successive § 2255 motions challenging his convictions. On appeal, the Third Circuit Court of Appeals consistently refused to issue Riddick a certificate of appealability on any of his collateral challenges. The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758.

Thus, whether Riddick simply failed to assert his current Fifth and Sixth Amendment claims in his § 2255 motion, or whether he in fact asserted those claims in his § 2255 motion, but was denied relief on them, he is not entitled to relief under § 2241. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Riddick does not, however, point to any retroactively applicable Supreme Court decision which would afford him relief from his convictions. Riddick therefore has not alleged a claim of actual innocence as to his drug and CCE convictions. Because Riddick claims that his counsel failed to provide him with copies of "post-verdict" motions filed on his behalf, and because Riddick is proceeding without an attorney, the Court will briefly address two cases, *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012),[2] which discuss when a defendant may assert

---

[2] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective

8

certain types of claims alleging ineffective assistance of counsel. Neither of these cases assist Riddick, because even assuming he was denied effective assistance of counsel after he was convicted, these cases do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

Finally, to the extent that Riddick is attempting in this proceeding to obtain government documents under FOIA, he cannot proceed under § 2241, which is limited in scope to allowing a federal prisoner to challenge some aspect of the execution of his sentence. The FOIA Action is currently pending in the District of Columbia, and Riddick can pursue his FOIA claims in that proceeding.

In summary, Riddick has not established that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged a claim of actual innocence. Therefore, Riddick is not entitled to proceed under § 2241, and the Court will deny his petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Harry Lee Riddick's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

---

assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id*.

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This March 26, 2014.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY